Dick's Restaurant and Bar, Inc., Plaintiff, *v.* Bessie Rosenwasser et al., Individually and as Copartners, Defendants.

Supreme Court, Special Term, New York County, February 25, 1949.

*Myron M. Fineman* and *Benjamin C. Ribman* for plaintiff.

*Victor Konow* for Harry Simon, defendant.

Benvenga, J. This is a motion to dismiss the plaintiff's complaint on the ground of insufficiency. The complaint alleges that the plaintiff and the defendant entered into a lease for the rental of certain business premises, and in order to show compliance with the Business Rent Law (L. 1945, ch. 314, as amd.) they fabricated an arbitration which, in fact, did not take place. It is further alleged that, since this was a device to defeat and circumvent the emergency rent control law, the alleged arbitration proceedings are null and void and the plaintiff is entitled to the relief asked.

. The defendant contends that plaintiff was remitted solely to section 1463 of the Civil Practice Act for its relief, and since it failed to move to set aside or vacate the award entered after the arbitration within the three-month period therein provided for, it may not seek relief in this plenary action. As authority for the defendant's position are cited *43rd St. Cafe* v. *Volga Estate* (N. Y. L. J., June 2, 1948, p. 2056, col. 1); *Camille Co.* v. *Tavisian Designs* (N. Y. L. J., Jan. 15, 1947, p. 199, col. 3); and *Matter of Mayo Realty Corp.* (68 N. Y. S. 2d 843).

The plaintiff, in support of the sufficiency of the complaint, relies upon *Friedman* v. *Newport Ave. Realty Corp.* (84 N. Y. S. 2d 26) and the decision of Mr. Justice VALENTE in the instant action on the motion heretofore made to consolidate (86 N. Y. S. 2d. 778).

Although the language of the different decisions appears to be in conflict, it would seem that the emergency rent control laws should be construed to carry out the purpose for which they were enacted and if they are circumvented a cause of action will lie to correct the wrong (*Friedman* v. *Newport Ave. Realty Corp., supra*).

The plaintiff, under the circumstances of the instant case, is, therefore, neither remitted to seek his relief under section 1463 of the Civil Practice Act, nor barred from bringing the instant action by reason of not having moved to vacate the order as therein provided.